IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBIN BRANT,

    Petitioner,

                                       OPINION AND ORDER

    v.                                                      10-cr-87-wmc
                                                                      12-cv-42-wmc

UNITED STATES OF AMERICA,

    Respondent.

---

    Robin Brant has filed a motion to vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2255. Brant contends that she was denied effective assistance of counsel at her guilty plea and appeal in *United States v. Brant*, Case No. 10-cr-87-wmc. In response, the government argues that the motion is without merit, and Brant has since filed a supplemental version of her motion in an attempt to press a new claim concerning the validity of her conviction. For reasons set forth briefly below, both of Brant's motions will be denied.

BACKGROUND

    On April 24, 2010, Brant and her co-defendant, Tiran Jenkins, robbed a local bank at gunpoint. During the robbery, Jenkins threatened and pistol-whipped a teller with a loaded gun, knocking her to the ground. Meanwhile, Brant, carrying a toy gun, restrained other bank employees with plastic zip ties. Jenkins and Brant then fled with approximately $48,000.00. Officers quickly apprehended the pair after they triggered a dye-pack, which exploded in their stolen getaway car. Officers recovered the money, the

loaded weapon used by Jenkins to commit the offense, and one of the teller's purses. Also recovered from the stolen vehicle were disguises worn by the defendants and the toy gun used by Brant during the robbery.

Within days of the offense, a federal grand jury in this district returned an indictment against both Jenkins and Brant, charging them with armed bank robbery (count one) and use of a firearm during the commission of a crime of violence (count two) in violation of 18 U.S.C. § 924(c). Jenkins was also charged with possessing a firearm as a felon (count three). On July 8, 2010, both Jenkins and Brant pled guilty to all of the counts against them.

Brant was sentenced to serve 36 months in prison on the armed robbery count followed by a consecutive term of 84 months for using a firearm to commit the offense for a total of 120 months' imprisonment. Jenkins was sentenced to a total of 264 months in prison.

On direct appeal, Brant's appointed counsel filed a brief and a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), asserting that there were no non-frivolous grounds for appeal. In granting counsel's motion and dismissing her appeal, the Seventh Circuit considered and rejected Brant's claim that she was not competent to be sentenced. The court noted that Brant had been diagnosed with post-traumatic stress disorder, but that there was "no indication of major mental illness" and nothing in the record showing that the disorder prevented Brant from understanding the sentencing proceeding or interfering with her ability to consult with her counsel. *United States v. Jenkins & Brant*, Nos. 10-3089 & 3128, slip op. at 2-3 (7th Cir. March 30, 2011)

(per curium). The Seventh Circuit also rejected a proposed challenge to Brant's prison term as "frivolous" and dismissed her appeal. *Id*. at 3.

Brant now seeks relief from her conviction and sentence pursuant to § 2255, arguing that she was denied effective assistance of counsel in connection with her guilty plea and appeal.

## OPINION

A motion for relief under 28 U.S.C. § 2255 invokes "an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 520 (7th Cir. 2007) (citing *Kafo v. United States*, 467 F.3d 1063, 1068 (7th Cir. 2006)). As such, a motion under § 2255 cannot be used to relitigate matters that were raised on direct appeal. *Varela v. United States*, 481 F.3d 932, 935 (7th Cir. 2007). Likewise, claims omitted on direct appeal may be considered on collateral review only if the petitioner can show good cause for failing to raise the issue previously and actual prejudice based on the alleged error. *See, e.g., Fuller v. United States*, 398 F.3d 644, 648 (7th Cir. 2005). Relief under § 2255 is appropriate only where a defendant establishes "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004) (quoting *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991)). Brant has not done this with respect to any of her claims of ineffective assistance.

I. **Guilty Plea**

Claims for ineffective assistance of defense counsel are analyzed under the standard articulated by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail under the *Strickland* standard, a defendant must demonstrate both (1) constitutionally deficient performance by counsel, resulting in (2) actual prejudice. *See Williams v. Taylor*, 529 U.S. 390, 390-91 (2000). "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that rendered the result unreliable." *Strickland*, 466 U.S. at 687.

Brant contends that her counsel was deficient in connection with her guilty plea in two respects: (1) he failed to challenge her competency to enter a plea due to post-traumatic stress disorder; and (2) he allowed her to plead guilty to count two, alleging a violation of 18 U.S.C. § 924(c), despite Jenkins being the one who brandished a firearm during the commission of the offense.

Brant's first claim is without merit because there is no evidence showing that she was incompetent to plead guilty. As the Seventh Circuit noted on direct appeal, the psychologist who diagnosed Brant with post-traumatic stress disorder noted no indication of major mental illness and the record does not disclose any. In that regard, Brant does not identify any facts in the record that create doubt about her ability to appreciate the proceedings or to assist in her own defense. *See United States v. Savage*, 505 F.3d 754, 758 (7th Cir. 2007). During her re-arraignment, Brant gave no indication that she was unable to understand the charges against her or the consequences of her plea. (Plea Tr. (dkt. #82).) On the contrary, the Seventh Circuit found:

4

> Although the psychologist diagnosed Brant with post-traumatic stress disorder, she also concluded that there was "no indication of major mental illness." Moreover, nothing in the record demonstrates that Brant's disorder prevented her from understanding the sentencing proceeding or interfaced with her ability to consult with her attorney.

*Jenkins,* slip. op. at 3. In this collateral attack, Brant offers nothing more showing that she was either incompetent to proceed or that her counsel was somehow deficient for failing to raise this issue at her guilty plea proceeding.

Brant's ineffective-assistance claim concerning count two is likewise without merit. As the government notes, it is well established that a conviction pursuant to 18 U.S.C. § 924(c) may be predicated on a theory of co-conspirator liability. *See Pinkerton v. United States*, 328 U.S. 640 (1946). As a result, the government was not required to prove that Brant personally brandished a firearm during the offense. *See United States v. Haynes*, 582 F.3d 686, 707 (7th Cir. 2009). It follows that Brant's defense counsel was not deficient for allowing her to plead guilty to count two.

II. Appeal

Brant also contends that she was denied effective assistance of counsel because her appointed attorney did not keep her apprised as to the status of her appeal. As the government notes, the brief submitted by appellate counsel specifically represents to the Seventh Circuit that: (1) he consulted with Brant; and (2) after a thoughtful discussion, she indicated that "while she takes issue with the length of her sentence, she does not wish to withdraw her plea." Moreover, Brant does not dispute that she consulted with her attorney "on a couple of occasions" in connection the appeal nor that she was given a

5

copy of the appellate brief, which contained counsel's *Anders* motion.

Even assuming appellate counsel did not advise Brant of the status of her appeal after the *Anders* brief was filed, Brant must still establish both constitutionally deficient performance and actual prejudice. *See Smith v. Murray*, 477 U.S. 527, 535-36 (1986) (applying *Strickland* to a claim of ineffective assistance of counsel on appeal). To establish that appellate counsel's performance was deficient in the context of an appeal, the defendant must show that his attorney was objectively unreasonable in failing to find arguable issues to appeal -- that is, that counsel unreasonably failed to discover non-frivolous issues and raise them. *Smith v. Robbins*, 528 U.S. 259, 285 (2000). If the defendant succeeds in such a showing, then she must establish actual prejudice by demonstrating a "reasonable probability" that, but for her counsel's deficient performance, "[s]he would have prevailed on [her] appeal." *Id*.

Here, Brant is unable to identify a non-frivolous issue that her appellate attorney failed to present, much less that this was the result of counsel's failure to keep her apprised of the status of the appeal after filing the *Anders* brief. Therefore, at minimum, the fact that the Seventh Circuit agreed with appellate counsel on the papers, and dismissed the case, means Brant cannot demonstrate she would have prevailed in that proceeding but for her appellate attorney's deficient performance. Absent a showing that her appellate attorney was deficient or that she was actually prejudiced as a result, Brant fails to make a valid ineffective-assistance claim or to show that she is entitled to any relief on this issue.

## III. Supplemental Motion for Relief

As noted above, Brant has also filed a supplemental motion for relief under 28 U.S.C. § 2255, challenging the mandatory minimum sentence she received in count two for use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). Arguing that this sentence was based on an improper judicial fact finding that Jenkins "brandished" a firearm, she argues, therefore, that this sentence must be vacated pursuant to *Alleyne v. United States*, — U.S. —, 133 S. Ct. 2151 (2013), which held that "any fact that increases a mandatory minimum sentence is an 'element' that must be submitted to the jury." *Id*. at 2155.

Unfortunately, Brant is not entitled to relief under *Alleyne* for two independent reasons. *First*, her conviction became final in 2011. The Supreme Court's 2013 decision in *Alleyne*, which is based on the holding in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), does not benefit Brant because "decisions in the *Apprendi* sequence do not apply retroactively." *Wilson v. United States*, 414 F.3d 829, 831 (7th Cir. 2005); *see also Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013); *Curtis v. United States*, 294 F.3d 841, 842 (7th Cir. 2002); *United States v. Martin*, — F. App'x —, 2014 WL 1801715 (7th Cir. May 7, 2014).

*Second*, by pleading guilty, Brant waived the right to have a jury make fact findings in her case. *See United States v. Warneke*, 310 F.3d 542, 550 (7th Cir. 2002) ("An admission is even better than a jury's finding beyond a reasonable doubt; it removes all contest from the case."); *United States v. Collins*, 272 F.3d 984, 987-88 (7th Cir. 2001) (noting that defendant waived right to jury determination of drug quantity by stipulating to amount of crack cocaine) ); *see also United States v. Yancy*, 725 F.3d 596, 601-02 (6th

7

Cir. 2013) (explaining that *Alleyne* does not alter rule that, for statutory enhancements, defendant's guilty plea and admissions during plea colloquy relieve government of burden of proving facts to jury beyond a reasonable doubt). Accordingly, the holding in *Alleyne* does not apply to Brant.

IV.  **Certificate of Appealability**

For reasons set forth above, Brant has simply not shown that she was denied effective assistance of counsel nor that she is otherwise entitled to relief from her conviction and sentence under 28 U.S.C. § 2255. Absent a valid claim for relief, her § 2255 motion must be denied. Under Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, however, the court must also issue or deny a certificate of appealability when entering a final order adverse to the applicant. A certificate of appealability will not issue unless the applicant makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires an applicant to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Under the controlling standard, this requires an applicant to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the applicant must show not only

that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Although Rule 11 allows the court to direct the parties to submit arguments on the possible issuance of a certificate of appealability, it is unnecessary to do so in this instance. For the reasons stated above, the court concludes that no reasonable jurist would debate whether a different result was required. For this reason, no certificate of appealability will issue. If Brant wishes, she may still seek a certificate from the court of appeals under Fed. R. App. 22.

ORDER

IT IS ORDERED:

(1) Robin Brant's motion for relief from her conviction and sentence under 28 U.S.C. § 2255 is DENIED;

(2) the supplemental motion for relief filed by Brant is also DENIED; and

(3) a certificate of appealability is DENIED.

Entered this 20th day of November, 2014.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge